**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANNETTE DAVIS, on behalf of plaintiff and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| MRS BPO, LLC, doing business as MRS ASSOCIATES OF NEW JERSEY, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Annette Davis brings this action to secure redress from unlawful collection practices engaged in by defendant MRS BPO, LLC doing business as MRS Associates of New Jersey ("MRS"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

 a. Defendant's collection communications were sent into this District; and

 b. Defendant does or transacts business within this District.

### PARTIES

4. Plaintiff Annette Davis is an individual who resides in the Northern District of Illinois.

5. Defendant MRS is a New Jersey limited liability company with its principal office located at 1930 Onley Avenue, Cherry Hill, New Jersey, 08003. Its registered

1

agent and office is National Corporate Research Ltd., 520 South 2nd Street, Suite# 403, Springfield, Illinois 62701.

6. MRS is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

7. MRS is a debt collector as defined in the FDCPA.

## FACTS

8. Defendant has been attempting to collect from plaintiff an alleged credit card debt incurred, if at all, for personal, family or household purposes.

9. On or about May 2, 2014, MRS sent plaintiff the letter attached as Exhibit A. The letter was a foldable mailer.

10. The outside of the mailer displayed the account number, which MRS assigned to plaintiff. Exhibit B is the outside of the mailer sent to plaintiff.

11. Exhibits A-B was a printed form, prepared in a standard manner. It has bar coded addresses and return addresses, required by the Postal Service for a discounted postage rate when 500 or more similar pieces of mail are sent at once.

## COUNT I – FDCPA – CLASS CLAIM

12. Plaintiff incorporates paragraphs 1-11.

13. The display of the account number violated 15 U.S.C. §1692f(8). *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir. 2014).

14. Section 1692f provides:

**§ 1692f.      Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(8)      Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.**

## CLASS ALLEGATIONS

15. Plaintiff brings this action on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

16. The class consists of (a) all individuals residing in Indiana, Illinois, and Wisconsin (b) to whom MRS sent correspondence (c) showing an account number on the outside (d) which correspondence was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

17. The class is so numerous that joinder of all members is not practicable. On information and belief, based on the use of form, bar-coded documents, there are over 40 members of the class.

18. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether MRS' communication improperly reveals the account number that MRS assigned to plaintiff.

19. Plaintiff's claims are typical of the claims of the class members. All are based on the same common questions of law and fact.

20. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

21. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

    (1)  Statutory damages;

    (2)  Attorney's fees, litigation expenses and costs of suit;

    (3)  Such other and further relief as the Court deems proper.

            s/Daniel A. Edelman
            Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
  & GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

               s/Daniel A. Edelman
               Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

S/ Daniel A. Edelman
Daniel A. Edelman