**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ANNETTE DAVIS, on behalf of )
plaintiff and a class, )
                    Plaintiff, )    Case No. 15 C 2303
                     )
          v. )
                     )
MRS BPO, LLC, )
                    Defendant. )

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

On March 17, 2015, Plaintiff Annette Davis, on behalf of herself and a class, brought the present Complaint against Defendant MRS BPO, LLC alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), specifically, 15 U.S.C. § 1692f(8). Before the Court is Defendant's motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Defendant's motion with prejudice and dismisses this lawsuit in its entirety.

**BACKGROUND**

Defendant is a limited liability company that maintains its principal office in New Jersey. (R. 1, Compl. ¶ 5.) Defendant's registered agent and office is National Corporate Research Ltd., of Springfield, Illinois. (*Id.*) Plaintiff alleges that Defendant is a debt collector as defined by the FDCPA, and its business entails the collection of debts originally owed to others using the mails and telephone. (*Id.* ¶ 5–6.) On or about May 2, 2014, Plaintiff received a letter from Defendant that attempted to collect a credit card debt. (*Id.* ¶¶ 8–9; *see also* R. 1-1, Exs. A, B.)[1] The letter was a foldable mailer, the outside of which displayed a series of numbers and letters. (Compl. ¶

---
[1] The initial exhibits contained redacted account numbers. Plaintiff later filed sealed copies of those same exhibits without redaction. (*See* R. 25, Ex. 1.)

10; *see also* Exs. A, B.)  The sequence of over 60 letters and numbers appeared on the envelope above Plaintiff's name and address as follows (with certain letters and numbers redacted by the letter X): "S-SXXRXX11  L-XZSXXX02  A-LUX.226XXXX.13XXX85 PCIXXC00030XXXX-X158XXXXX X088XX." (*Id.*)

In her Complaint, Plaintiff purports to represent all of the individuals residing in the Seventh Circuit who received similar mailers from Defendant from one year prior to the filing of this action up until twenty days after the filing of this action.  (Compl. ¶¶ 15–16.)  Plaintiff alleges that Defendant's use of the mailers with the attendant numbers and letters violates § 1692f(8) of the FDCPA.  Under § 1692f(8), it is a violation to use "any language or symbol, other than the debt collectors address, on any envelope when communicating with a consumer by the use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." (*Id.* ¶¶ 13–14; 15 U.S.C. § 1692f(8).)

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014).  Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted).  Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true, *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013), and draw "reasonable inferences in favor of the plaintiffs." *Teamsters Local Union No. 705 v. Burlington No. Santa Fe, LLC,* 741 F.3d 819, 823 (7th Cir. 2014). When ruling on motions to dismiss, courts may also consider documents attached to the pleadings without converting the motion to dismiss into a motion summary judgment, as long as the documents are referred to in the complaint and central to the plaintiff's claims. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014). Because Plaintiff attaches photocopies of the collection letter and envelope to her Complaint and these documents are central to her claim, the Court may consider these attachments in ruling on the present motion.

**ANALYSIS**

In its motion, Defendant argues that Plaintiff has failed to state a plausible claim that it violated the FDCPA because the "string of numbers and letters" on the outside of the envelope at issue in this lawsuit does not amount to an "unfair or unconscionable" way to collect a debt. *See McMahon v. LVNV Funding, LLC,* 744 F.3d 1010, 1019 (7th Cir. 2014) ("1692f prohibits debt collectors from using 'unfair or unconscionable means to collect or attempt to collect any debt.'"). More specifically, Defendant argues that an "unsophisticated consumer" would not recognize the numbers and letters on the envelope as an attempt to collect an outstanding debt. Also, Defendant contends that a strict application of § 1692f(8)'s prohibition barring the use of "any language or symbol, other than the debt collector's address, on any envelope when

3

communicating with a consumer by use of the mails or by telegram," would lead to bizarre and impracticable consequences based on the purpose and intent of the FDCPA and that the benign language exception applies under the circumstances.

In response, Plaintiff argues that Defendant unfairly speculates as to what an "unsophisticated consumer" would recognize upon viewing the envelope. Also, Plaintiff asserts that the statutory language of the FDCPA suggests strict liability and that inserting a benign language exception to § 1692f(8) is counter to both the statutory language and the Congressional intent in enacting the FDCPA. Further, Plaintiff urges the Court to reject Judge Shadur's reasoning in *Sampson v. MRS BPO*, No. 15 C 2258 (N.D. Ill. Mar. 17, 2015), in which Judge Shadur dismissed a similar complaint because a literal interpretation of § 1692f(8) would lead to absurd results.[1] Instead, Plaintiff asks the Court to follow the Third Circuit's reasoning in *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014), in which the court held that listing a debtor's internal account number on the outside of an envelope violates the plain, unambiguous language of § 1692f(8), especially in light of one of the FDCPA's core concerns regarding the invasion of privacy.

**I.      Unsophisticated Consumer Standard**

The Court first turns to Defendant's argument that an unsophisticated consumer would not recognize that the combination of over 60 numbers and letters on Plaintiff's envelope reflects an attempt to collect an outstanding debt. Under well-settled Seventh Circuit precedent, "[c]laims brought under the Fair Debt Collection Practices Act are evaluated under the objective

---

[1] On July 8, 2015, Defendant filed supplemental authority in support of its motion to dismiss, namely, Chief Judge Castillo's decision in *Gonzalez v. FMS, Inc.,* No. 14 C 9424, 2015 WL 4100292 (N.D. Ill. July 6, 2015), in which Chief Judge Castillo granted a debt collector's Rule 12(b)(6) motion to dismiss with prejudice on nearly identical issues as this matter and the one before Judge Shadur.

'unsophisticated consumer' standard." *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 273 (7th Cir. 2014); *see also McMahon,* 744 F.3d at 1019 (unsophisticated consumer "standard applies to claims under both §1692e and §1692f"). As the Seventh Circuit explains, "[o]n the one hand, the unsophisticated consumer may be 'uninformed, naive, or trusting,' but on the other hand the unsophisticated consumer does 'possess[ ] rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence and is capable of making basic logical deductions and inferences.'" *Gruber*, 742 F.3d at 273-74 (citation and internal quotation marks omitted). The Seventh Circuit, however, has been explicit that "as a matter of law, we shall not entertain a plaintiff's bizarre, peculiar, or idiosyncratic interpretation" under the unsophisticated consumer standard. *McMillan v. Collection Prof'l Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see also Gruber,* 742 F.3d at 274 (unsophisticated consumer does not interpret collection letters in a bizarre or idiosyncratic fashion).

The practices of debt collection agencies, when viewed through the eyes of an unsophisticated consumer, are often a question of fact, therefore, "district courts must act with great restraint when asked to rule in this context on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *McMillan*, 455 F.3d at 759-60. Nevertheless, as the *McMillian* decision teaches, albeit under the pre-*Iqbal/Twombly* standard, "[u]ndoubtedly, there will be occasions when a district court will be required to hold that no reasonable person, however unsophisticated, could construe the wording of the communication in a manner that will violate the statutory provision." *Id.* at 760. Put differently, although district courts ordinarily give a plaintiff leave to amend at least once before dismissing a case with prejudice, when "it is clear that the defect cannot be corrected so that amendment is futile," the district court need not grant

5

leave for the plaintiff to file an amended complaint. *See Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.,* 768 F.3d 510, 520 (7th Cir. 2015).

Here, Plaintiff argues that an unsophisticated consumer would conclude that the approximately 60 numbers and letters on the envelope at issue identify the attendant correspondence as related to a debt collection. Specifically, Plaintiff asserts that "[g]oogling 'MRS BPO' reveals that it is a debt collection company, and the fact that a natural person receiving mail from MRS has an account number indicates that the person is a putative debtor rather than a vendor or employee or prospective client." (R. 27, Pl.'s Resp., at 12.) Not only is Plaintiff's attempt to add a research element into the unsophisticated consumer calculus unsupported by any legal authority, the name and return address of MRS BPO does not violate § 1692f(8) because the "use of mails" language within § 1692f(8) allows for items necessary for an envelope to move through the mail, unless the debt collector's name clearly reflects the correspondence's purpose. *See Peter v. GC Serv. L.P.,* 310 F.3d 344, 351 (5th Cir. 2002); *see, e.g., Davis v. Baron's Creditors Serv. Corp.,* No. 00 C 4104, 2001 WL 1491503, at *5 (N.D. Ill. Nov. 20, 2001) (envelope stating return address of "Baron's Creditor's Services Corporation" indicated the mailing was from a debt collector); *Rutyna v. Collection Accounts Terminal, Inc.,* 478 F.Supp. 980, 982 (return address of "COLLECTION ACCOUNTS TERMINAL, INC.," reflected that the mailing was from a debt collector in violation of 1692f(8)).

Putting aside Plaintiff's "googling" argument, when viewing the combination of the numbers and letters on the envelope at issue, an unsophisticated consumer, capable of making basic logical inferences, would not perceive the following as connected to a debt collection: S-SXXRXX11 L-XZSXXX02 A-LUX.226XXXX.13XXX85 PCIXXC00030XXXX-X158XXXXXX X088XX. As Judge Shadur explained in *Sampson*:

> In order for any hypothetical member of the public who views the envelope . . . to be able to perceive that debt collection is involved and is at issue, so that [defendant] assertedly used unfair and unconscionable means to collect a debt . . . that member of the public would have to be blessed (or cursed?) with x-ray vision that enabled him or her to read the letter contained in the sealed and assertedly offending envelope. Absent that, any deciphering of the impenetrable string of numbers and symbols on the outside of the . . . envelope would have to depend on some sort of divination. That is simply not the stuff of which any legitimate invocation of the Act or its constructive purposes can be fashioned.

*See Sampson v. MRS BPO*, No. 15 C 2258, at *2 (N.D. Ill. Mem. Op. & Order Mar. 17, 2015).

In sum, Plaintiff's argument is based on an unreasonable and peculiar interpretation under the objective unsophisticated consumer standard. *See McMillan*, 455 F.3d at 758. Accordingly, Plaintiff has failed to state a plausible claim under § 1692f(8). The Court turns to the parties' arguments concerning the FDCPA's intent and purpose for the sake of completeness.

## II. FDCPA's Intent and Purpose

Next, Defendant argues that a strict interpretation of § 1692f(8) is inconsistent with the FDCPA's intent and purpose. The FDCPA, in its declaration of purpose, states: "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *see also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577, 130 S.Ct. 1605, 176 L.Ed.2d 519 (2010). Indeed, the Seventh Circuit has consistently held that the intent of the FDCPA is to police the action of debt collectors who otherwise might engage in unethical collection practices. *See, e.g., Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997) ("The primary goal of the FDCPA is to protect consumers from abusive, deceptive, and unfair debt collection practices, including threats of violence, use of obscene language, certain contacts with acquaintances of the consumer, late night phone calls, and simulated legal process.").

In response, Plaintiff argues that, in addition to the FDCPA's purpose of protecting consumers from unfair or unconscionable collection methods, the FDCPA also has "consumer-protective purposes" based on § 1692(a)'s core concern regarding "invasions of individual privacy." In support of this argument, Plaintiff relies on the recent Third Circuit decision in *Douglass*, in which the court concluded that the FDCPA should be broadly construed to protect consumers against possible invasions of privacy and that, because an internal account number listed on the outside of a debt collection letter could be used to expose the plaintiff to such risks, the inclusion of that account number violated § 1692f(8).[2] *See Douglass*, 765 F.3d at 305-06. The Third Circuit emphasized that "the disclosure implicates a core concern animating the FDCPA–the invasion of privacy." *Douglass,* 765 F.3d. at 303.

In making its determination, the Third Circuit did not discuss whether an unsophisticated consumer would conclude that the twelve-digit number on the outside of the plaintiff's envelope pertained to a debt collection. Under Seventh Circuit precedent, however, the Court cannot ignore the objective unsophisticated consumer analysis. *See McMahon,* 744 F.3d at 1019; *Gruber*, 742 F.3d at 273. Moreover, looking to Seventh Circuit § 1692e cases as guidance, a technical violation is not actionable under the FDCPA unless an unsophisticated consumer would be misled. *Cf. Lox v. CDA, Ltd.*, 689 F.3d 818, 824 (7th Cir. 2012) ("technical falsity is not enough for a statement to be violative of § 1692e—it must actually be misleading to the unsophisticated consumer."); *Wahl v. Midland Credit Mgmt., Inc.,* 556 F.3d 643, 645–46 (7th Cir. 2009) ("If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA—even if it is false in some technical sense."). Likewise, a literal violation under § 1692f(8) is not actionable unless an unsophisticated consumer could determine that the

---

[2] Initially, the plaintiff in *Douglass* also argued that the defendant violated the FDCPA by including a quick-response or QR code on the envelope. On appeal, the plaintiff did not pursue this argument. *See Douglass v. Convergent Outsourcing*, 765 F.3d 299, 301 n.4 (3d Cir. 2014).

information on the outside of the envelope was associated with a delinquent debt. *See Gonzalez,* 2015 WL 4100292, at *5; *Davis,* 2001 WL 1491503, at *4.

Because an unsophisticated consumer would not perceive the approximately 60 letters and numbers on Plaintiff's envelope as connected to a debt collection, the core concern of privacy as highlighted in the *Douglass* decision does not come into play. In other words, the Court does not reach any privacy concerns because an unsophisticated consumer would not perceive "the impenetrable string of numbers and symbols" at issue as meaningful in the first instance. Based on this distinction, the Third Circuit's decision in *Douglass* is not persuasive.

### III.     Benign Language Exception

Last, Defendant maintains that a strict interpretation of § 1692f(8) would trigger absurd results. To clarify, although the FDCPA is a strict liability statute, *see Ruth v. Triumph P'ships,* 577 F.3d 790, 805 (7th Cir. 2009), courts must construe statutes as a whole and are reluctant to adopt the literal construction of statutory language if it would lead to absurd results. *See Shlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794, 798 (7th Cir. 2010); *United States v. Vallery,* 437 F.3d 626, 630 (7th Cir. 2006). Here, Plaintiff argues that any markings, letters, or symbols on an envelope except the debt collector's address–no matter how benign or innocuous– violate § 1692f(8). In other words, Plaintiff does not distinguish between benign language and language that indicates that the correspondence pertains to a debt collection.

Although the Seventh Circuit has yet to address the issue of whether benign language violates § 1692f(8), two other Circuit Court cases are illustrative. *See Strand v. Diversified Collection Serv.,* 380 F.3d 316, 318-19 (8th Cir. 2004); *Goswami v. American Collections Enter., Inc.,* 377 F.3d 488, 494 (5th Cir. 2004) (per curiam). In *Strand*, the Eighth Circuit considered a debt collection envelope that included a corporate logo and the words "PERSONAL AND

9

CONFIDENTIAL" and "IMMEDIATE REPLY REQUESTED" and concluded that the use of this language and the corporate logo were benign because they did not reveal the source or purpose of the letter. *See id.* at 317-19. In its conclusion, the Eighth Circuit reasoned that "an interpretation of § 1692f(8) exempting benign words and symbols better effectuates Congressional purpose." *Id.* at 319. Likewise, in *Gowsami*, the Fifth Circuit concluded that the words "priority letter" on a debt collection envelope did not violate § 1692f(8) because the language did not "intimate[] that the contents of the envelope relate to collection of delinquent debts." *Id*. at 494. In adopting the benign language exception, both the *Gowsami* and *Strand* decisions rely on the FTC's staff commentary regarding harmless words or symbols, which states in relevant part: "A debt collector does not violate this section by using an envelope printed with words or notations that do not suggest the purpose of the communication." *See* Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed.Reg. 50,097, 50,108 (Dec. 13, 1988). In addition, district courts in the Northern District of Illinois and other districts have also adopted the benign language approach in concluding that courts should not interpret § 1692f(8) technically or mechanically. *See Gonzalez*, 2015 WL 4100292, at *4 (collecting cases).

Based on the unsophisticated consumer standard and these persuasive decisions, a strict interpretation of § 1692f(8), namely, that any markings, letters, or symbols on a debt collection envelope except the debt collector's address–no matter how benign or innocuous–violate § 1692f(8), leads to absurd and impracticable results. The Court therefore rejects Plaintiff's argument.

## CONCLUSION

For these reasons, the Court grants Defendant's Rule 12(b)(6) motion to dismiss with prejudice and dismisses this lawsuit in its entirety.

**Dated:** July 15, 2015

                                        **ENTERED**

                                        _____
                                        **AMY J. ST. EVE**
                                        **United States District Court Judge**